JOHN E. KATES, and ELSIE G. KATES,
Plaintiffs,

*vs.*

ELMORE SECURITIES COMPANY, a corporation of the State of
Delaware,
Defendant.

*New Castle, January 5, 1956.*

*John P. Sinclair,* of Berl, Potter & Anderson, Wilmington, for plaintiffs.

*J. LaPenne Guenveur,* of Richards, Layton & Finger, Wilmington, for defendant.

SEITZ, Chancellor. This is a decision on a complaint seeking specific performance of a real estate contract. The case was submitted on agreed facts.

Plaintiffs and defendant executed a contract whereby plaintiffs agreed to sell and defendant to buy a designated undeveloped piece of real estate in a property development known as Edgemoor Terrace. The contract provided that the property was being sold subject to certain covenants, restrictions and easements as shown in two certain

recorded deeds with the express understanding "that nothing contained in such restrictions shall prohibit in any way, or prevent the use of said lands for commercial purposes". Defendant has refused to take title because of its doubt that the property can be used for commercial purposes in view of the recorded restrictions.

The first recorded deed concerned a utility easement and has no pertinency. The second deed (Deed Record N, Vol. 31, Page 238) was a conveyance dated September 22, 1939, from the Wilmington Construction Company to a straw woman, Margaret L. Rogers (hereinafter called the "Rogers' Deed"). The Rogers' Deed conveyed all the property known as Edgemoor Terrace by a reference to a plat which Wilmington Construction Company had caused to be recorded about three months previously (Deed Record U, Vol. 33, Page 601). The Rogers' Deed purported to impose restrictions on a tract of ground designated by reference to the plat just mentioned and also designated by metes and bounds. Both references include the property involved in this action. The Rogers' Deed restrictions provide that all lots in Edgemoor Terrace except those fronting on Governor Printz Boulevard shall be residential lots and no structure shall be erected thereon other than designated dwellings. No contention is made that the land here involved comes under the language of the exception in the deed.

It is therefore clear that if we stopped here plaintiffs would be unable to convey the property for commercial use. But we must consider the recorded plat of Edgemoor Terrace referred to in the Rogers' Deed. It shows various residential building blocks which have been sub-divided into individual lots. It also shows a number of residential blocks not divided into individual lots. It has two blocks fronting on Governor Printz Boulevard which bear the designation "business". It has a further area fronting on the Governor Printz Boulevard to the northeast of the area designated "business", which bears the designation "Tentative Future Business". Finally, it shows a large piece of ground bounded on the east by Governor Printz Boulevard, on the south by Edgemoor Road, on the west by Denny Road and on the north by residential blocks. This tract bears

the designation "Tentative Park (all rights reserved)". It is a portion of this tract, which I shall call the "Park tract", which constitutes the subject matter of the contract of sale here involved.

Other portions of the Park tract have been sold, including all of the portion facing on Governor Printz Boulevard. Indeed, the purchaser of that land is the defendant in the present action. The property involved in the contract has no frontage on any street or road and its only access is over a 15 feet wide easement. Since the recording of the plat in 1939 nothing has ever been done to develop the area designated Tentative Park nor has any owner of any part of the area ever relinquished any rights. The area in dispute has been zoned "commercial C-2, roadside business".

Plaintiffs say they are entitled to specific performance unless the land contracted to be sold cannot be used for business purposes. However, I believe this Court must view the issue somewhat differently. This is an action for specific performance and the ability of plaintiffs to convey the title they agreed to convey is dependent on a construction of a certain recorded deed and plat. If there is a substantial doubt about the proper construction it seems to me that specific performance must be denied. I say this because this Court cannot in this action finally resolve the question of the applicability of these restrictions where the landowners for whose benefit the restrictions were adopted are not before the Court. Our Courts do not require a purchaser to buy a lawsuit. See *Fry on Specific Performance* (6th Ed.) §§ 881, 889, 890.

I therefore analyze the problem to see whether there is any substantial question about the proper construction of the governing instruments. The Rogers' Deed admittedly restricted all the land in Edgemoor Terrace to residential use with the exception of the reservation of certain land for business purposes. Admittedly the reservation does not include the land involved in this lawsuit. But plaintiffs argue that the Rogers' Deed restrictions and the language of the plat must be read together and reconciled if possible. However, plaintiffs' attorney was unable to suggest a reconciliation which would not cast substantial doubt upon its validity.

The only basis for suggesting that the land in question is not subject to the recorded deed restrictions is the existence of the recorded plat containing the language "all rights reserved", in connection with the land involved in the present contract. However, the plat was recorded before the deed and thus it could be argued with force that the later deed constituted the last expression of intention by the owner with respect to the land as to which rights were reserved in the prior recorded plat. Wilmington Construction Company caused both the plat and the Rogers' Deed to be recorded. It alone owned the entire property at both times.

Thus, it is apparent that there is a substantial question as to whether plaintiffs are able to convey this property so that it may be used for commercial purposes. This being so and the real beneficiaries of the restrictions not being before the Court, I believe the Court should not resolve the matter on a complaint for specific performance. Compare *Alrich v. Wood,* 30 *Del.Ch.* 80, 53 *A.2d* 439.

Plaintiffs' complaint for specific performance will therefore be dismissed.

Order on notice.